UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-23460-RAR

**BELINDA FEAGIN**,

    Plaintiff,

v.

**CARNIVAL CORPORATION**,

    Defendant.
_____/

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint ("Motion"), [ECF No. 11], filed on October 25, 2023. The Court has reviewed Plaintiff's Response in Opposition, [ECF No.12], Defendant's Reply, [ECF No. 20], and heard oral argument on the Motion on November 27, 2023 ("Hearing"), [ECF No. 21]. For the reasons stated on the record during the Hearing, and the Court being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion, [ECF No. 11], is **GRANTED IN PART AND DENIED IN PART** as follows:

    1.    The Motion is **GRANTED** as to Counts I–III, which are **DISMISSED** *with leave to amend*. To survive a motion to dismiss under a theory of direct liability, plaintiff has to plead sufficient facts to support each element of the claim, including that defendant had actual or constructive notice about the dangerous condition. *Holland v. Carnival Corp.*, 50 F.4th 1088, 1095 (11th Cir. 2022). Actual notice exists when the defendant knows about the dangerous condition. *Id*. (citations omitted). Constructive notice exists when either: (1) the hazardous condition existed for a sufficient length of time; or (2) substantially similar incidents occurred in

which "conditions substantially similar to the occurrence in question must have caused the prior accidents." *Id*.

While Defendant is incorrect that the Amended Complaint constitutes an impermissible shotgun pleading under the standard articulated by the Eleventh Circuit in *Weiland v. Palm Beach Cnty. Sherriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015), as explained at the Hearing, Counts I–III are nonetheless overlapping and duplicative as currently pled. *See*, *e.g.*, *Cessna v. Ethicon, Inc.*, No. 7:20-CV-37 (WLS), 2020 WL 2121392, at *7 (M.D. Ga. Apr. 2, 2020); *Belmonte v. Creative Props., Inc.*, No. 19-61438, 2019 WL 5063832, at *1 (S.D. Fla. Oct. 8, 2019). But as the Court also noted during the Hearing, notwithstanding this structural defect, the allegations in the Amended Complaint appear to have sufficiently stated a claim for direct negligence. *See Holland*, 50 F.4th at 1095; *Cogburn v. Carnival Corp.*, No. 21-11579, 2022 WL 1215196, at *5 (11th Cir. Apr. 25, 2022); *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019); *Fawcett v. Carnival*, No. 23-21499, 2023 WL 4424195, at *3–4 (S.D. Fla. Jul. 10, 2023).

Accordingly, and as agreed by the parties at the Hearing, Plaintiff shall consolidate Counts I–III into two separate direct negligence counts. Count I shall advance the direct negligence theory related to the robe hazard and present Plaintiff's corresponding constructive notice theory; Count II shall advance the direct negligence theory related to the step hazard and present Plaintiff's corresponding actual and constructive notice theories.

2.  The Motion is **GRANTED** as to Count IV, which is **DISMISSED** *with leave to amend*. The negligent failure to maintain, failure to warn, and negligent design claims are distinct negligence claims and thus cannot be "nestled within [a] general negligence claim." *Pride v. Carnival Corp.*, No. 23-22121, 2023 WL 6907813, at *4 (S.D. Fla. Oct. 19, 2023) (quoting *Anders v. Carnival Corp.*, No. 23-21367, 2023 WL 4252426, at *4 (S.D. Fla. Jun. 29, 2023)). To state a

claim for negligent failure to warn, a plaintiff must allege: (1) that defendant knew of the allegedly dangerous conditions; and (2) that the condition was not open and obvious. *Carroll v. Carnival Corp.*, 955 F.3d 1260, 1264 (11th Cir. 2020) (citing *Guevara*, 920 F.3d at 720 n.5). Relevant here, "[a]n operator of a cruise ship has a duty to warn only of known dangers that are not open and obvious." *Guevara*, 920 F.3d at 720 n.5. Therefore, a plaintiff is "required to allege that the danger was not open and obvious" to state a negligent-failure-to-warn claim. *Fawcett*, 2023 WL 4424195, at *4.

As explained at the Hearing, paragraph 23 of the Amended Complaint alleges that the conditions leading to the alleged injury were not open and obvious. However, it is unclear whether this allegation pertains to the robe hazard, the step hazard, or both. Therefore, Plaintiff shall amend the failure-to-warn count to include open-and-obvious allegations with respect to both the step hazard and the robe hazard.

3.   The Motion is **DENIED** as to Count V. Liability based on negligent design requires proof that the ship-owner or operator "actually created, participated in or approved" the alleged improper design. *Lemquist v. Carnival Corp.*, 2023 U.S. Dist. LEXIS 32032, at *12–13 (S.D. Fla. Feb. 27, 2023) (citing *Diczok v. Celebrity Cruises, Inc.*, 263 F. Supp. 3d 1261, 1264 (S.D. Fla. 2017)). As explained at the Hearing, Plaintiff's allegations in the Amended Complaint concerning Defendant's participation in the allegedly defective design at issue here are specific enough to withstand dismissal. *See Lemquist*, 2023 U.S. Dist. LEXIS 32032, at *12–13 (explaining that "[l]iability based on negligent design requires proof that the ship-owner or operator actually created, participated in or approved the alleged improper design."); *see also Donaldson v. Carnival Corp.*, No. 20-23258, 2020 WL 6801883, at *4 (S.D. Fla. Nov. 19, 2020) (finding nearly identical allegations that "Defendant participated in the design process; approved of the Carnival *Dream*,

including providing specifications to the shipbuilder; and Defendant maintains the contractual right to participate, review, modify, and/or reject the design plans" sufficient to withstand dismissal) (citations omitted).

4. The Motion is **GRANTED** as to Count VI, which is **DISMISSED** *with leave to amend*. Normally, a passenger on a cruise ship cannot succeed on a maritime negligence claim against a shipowner unless that shipowner had actual or constructive notice of a risk-creating condition. *Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164, 1167 (11th Cir. 2021). But the notice requirement applicable to direct negligence claims "does not—and was never meant to—apply to maritime negligence claims proceeding under a theory of vicarious liability." *Id*. Under a theory of vicarious liability, a shipowner can be liable for the negligent acts of its employees even where it did not itself breach a duty owed to the plaintiff. *See id.* at 1169–70. Therefore, under *Yusko*, a shipowner does not need to have actual or constructive notice where the plaintiff proceeds under a vicarious liability theory and alleges the employee of the shipowner negligently caused the plaintiff's injuries. Accordingly, where a plaintiff proceeds under a theory of vicarious liability, the plaintiff need not allege facts supporting actual or constructive notice. *Holland*, 50 F.4th at 1096 (quoting *Yusko,* 4 F.4th at 1170).

However, a plaintiff does need to adequately plead the alleged negligence on the part of the specific tortfeasor(s) whose actions plaintiff seeks to rely upon to hold a shipowner vicariously liable. *Smith v. Carnival Corp. & PLC*, No. 22-22853, 2022 WL 16791783, at *4 (S.D. Fla. Nov. 8, 2022) (dismissing with leave to amend a vicarious liability count where plaintiff had adequately identified the specific tortfeasor employed by a defendant shipowner that plaintiff sought to hold vicariously liable but had not adequately pled the remaining elements of negligence as to that specific tortfeasor). Thus, as agreed by the parties at the Hearing, Plaintiff's Amended Complaint

requires further factual development concerning actions taken by the specific employees that Plaintiff seeks to rely upon to sustain her claim of vicarious liability.  *See Smith*, 2022 WL 16791783, at *4.

5. Plaintiff shall file a Second Amended Complaint in compliance with this Order on or before **December 11, 2023**.  Failure to timely file a Second Amended Complaint shall result in the dismissal of this case without further notice.

**DONE AND ORDERED** in Miami, Florida this 29th day of November, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**